No. 725

REMUS v. MURRAY

No. 19275. Supreme Court

On motion to certify. Dock. July 18, 1925; 3 Abs. 466.

1134. SUMMONS—What is usual place of residence for purpose of serving summons, where defendant is incarcerated in penitentiary, in another state?

J. W. Murray filed a suit in the Hamilton Common Pleas praying for judgment in the sum of $11,375 against George Remus, said petition being filed July 3, 1924. Summons was returned and issued July 8, 1924 as having been served upon Remus "at his usual place

## OHIO SUPREME COURT—Continued

of residence". At the time the petition was filed Remus was incarcerated in the penitentiary at Atlanta, Georgia.

A motion to quash service of summons was filed on behalf of Remus, and affidavits alleged that he had been a resident of Fulton County, Georgia, since Jan. 24, 1924, having been confined in the Federal Penitentiary from and after the date.

Murray submitted an affidavit which alleged that prior to his incarceration, Remus maintained a residence in Cincinnati, and at the time of service of summons, it was occupied by his wife. The Common Pleas granted the motion to quash but it was reversed by the Court of Appeals.

The case is pending in the Supreme Court and it is contended on behalf of Remus that:

"The purpose of the use of the term in an act relating to the service of process has primary reference to the place where the defendant is usually to be found, therefore, "usual place of abode" means "present place of abode". Accordingly if the defendant be confined in jail, it is his usual place of abode within the statute, although his residence was compulsory."

The purpose of the summons is to advise the defendant at the place where he is usually to be found. The law never requires a vain thing to be done and Remus being incarcerated in Georgia, most certainly could not be found in Hamilton County, Ohio. Fact that Remus is confined in the jail, makes that place as long as he is there, his residence.

The petition filed in the case shows that Remus was a non-resident of Ohio, and there is nothing in the record to show that the petition could not have been filed just as easily in the county where he was incarcerated and there have him properly served. This it is claimed would give Remus the right to defend the case in Georgia, and not compel him to have a case tried in his absence, or require him to take the unsatisfactory method of defending the case by means of depositions.

Attorneys—Lorbach and Garver for Remus; Mattehws & Matthews for Murray; all of Cincinnati.